IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDITH CHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-486-JJF |
| | ) | |
| BLUE CROSS BLUE SHIELD OF DELAWARE, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

# ANSWER

Defendant, by and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1.　Defendant admits that Plaintiff seeks relief under the Americans with Disabilities Act of 1990 ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). It is specifically denied that Plaintiff is entitled to any relief under the ADA or ADEA.

2.　Admitted that Plaintiff is approximately 67 years of age and a resident of Delaware. Defendant is without knowledge sufficient to form a belief as to truth or falsity of the remaining allegations of this Paragraph and therefore they are denied.

3.　Admitted.

4.　Admitted that this Court has subject matter jurisdiction over the federal claims. The remaining allegations of this Paragraph state legal conclusions requiring no response.

5. Admitted that this Court has subject matter jurisdiction over the federal claims. The remaining allegations of this Paragraph state legal conclusions requiring no response. To the extent a response is required, denied.

6. The allegations of this Paragraph state legal conclusions requiring no response. To the extent a response is required, denied.

7. The allegations of this Paragraph state legal conclusions requiring no response. To the extent a response is required, denied.

8. The allegations of this Paragraph state legal conclusions requiring no response. To the extent a response is required, denied.

9. Denied, except it is admitted that Plaintiff received the right to sue letters from the EEOC.

10. Admitted.

11. Denied.

12. Admitted that Plaintiff provided secretarial support for Dr. Paul Kaplan beginning in 1999. The remainder of the allegation is denied.

13. Denied.

14. Denied, except it is admitted that Plaintiff spoke with Ms. Sessoms after Dr. Kaplan gave Plaintiff her performance evaluation.

15. Denied.

16. Denied.

17. Denied.

18. Denied, except it is admitted that Ms. Choma received a 1% increase in salary for 1999.

19. Denied.

20. Denied.

21. Denied.

22. Denied that Dr. Kaplan yelled at Plaintiff. Defendant is without knowledge sufficient to form a belief as to truth or falsity of the remaining allegations of this Paragraph and therefore they are denied.

23. Denied.

24. Denied, except it is admitted that the Medical Management Department was restructured in 1999 and that as part of the restructuring Plaintiff was assigned to provide support for Deborah Sweeney.

25. Denied, except it is admitted that Patricia Carpenter joined the department as an administrative assistant.

26. Denied.

27. Denied.

28. Denied, except it is admitted that Plaintiff submitted a written complaint to the human resources department alleging discrimination. Defendant investigated these allegations and determined there was no evidence of discrimination.

29. Defendant is without knowledge sufficient to form a belief as to truth or falsity of the allegations of this Paragraph and therefore they are denied.

30. Admitted.

31. Admitted that Plaintiff made the allegations. Denied that there was any truth to the allegations.

32. Denied.

33. Denied.

34. Denied. Plaintiff was always required to provide some support to Dr. Kaplan.

35. Denied.

36. Admitted that Ms. Sweeney counseled Plaintiff regarding her speed and accuracy in typing. Defendant is without knowledge sufficient to form a belief

as to truth or falsity of the remaining allegations of this Paragraph and therefore they are denied.

    37.    Denied, except it is admitted that Plaintiff broke her wrist in August 2004.

    38.    Denied.

    39.    Denied, except it is admitted that Plaintiff was asked to complete her assignments during normal business hours without Defendant incurring the expense of overtime.

    40.    Denied.

    41.    Denied, except it is admitted that Plaintiff was counseled not to work overtime without authorization.

    42.    Denied.

    43.    Denied.

    44.    Admitted to the extent that the terms of the policy speaks for itself.

    45.    Denied.

    46.    Denied as stated. Admitted that the EEOC and DDOL issued reasonable cause determinations.

    47.    Admitted that Plaintiff filed a charge of discrimination alleging retaliation. The remainder of the allegations of this Paragraph are denied.

    48.    Denied, except it is admitted that Plaintiff was given goals for the completion of claim letters.

    49.    Admitted that Plaintiff was placed on a Performance Improvement Plan. The remainder of the allegation is denied.

    50.    Denied, except it is admitted that Plaintiff was counseled for taking excessive lunch breaks.

    51.    Denied.

52. Admitted that Plaintiff wrote the statement. Denied that the statement is true.

## COUNT I

53. Defendant incorporates the preceding answers as if stated fully herein.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT II

59. Defendant incorporates the preceding answers as if stated fully herein.

60. Denied.

61. Denied.

62. Denied.

## COUNT III

63. Defendant incorporates the preceding answers as if stated fully herein.

64. Denied.

65. Denied.

66. Denied.

## COUNT IV

67. Defendant incorporates the preceding answers as if stated fully herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## COUNT V

74. Defendant incorporates the preceding answers as if stated fully herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT VII[1]

79. Defendant incorporates the preceding answers as if stated fully herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT VIII

84. Defendant incorporates the preceding answers as if stated fully herein.

85. Denied.

86. Denied.

87. Denied.

---

[1] The Complaint omits any reference to "Count VI."

    88.    Denied.

## COUNT IX

    89.    Defendant incorporates the preceding answers as if stated fully herein.

    90.    Denied.

    91.    Denied.

    92.    Denied.

    93.    Denied.

## AFFIRMATIVE DEFENSES

A.    The Complaint fails to state a claim upon which relief can be granted.

B.    Defendant's actions were taken for legitimate business reasons that were non-discriminatory.

C.    Plaintiff is not a qualified individual with a disability under the ADA.

D.    Plaintiff failed to engage in the interactive process to determine a possible accommodation, and any accommodation requested would have been unreasonable or caused an undue hardship.

E.    Plaintiff has failed to mitigate her damages.

F.    Plaintiff's claims are barred in whole or part by failing to exhaust her administrative remedies.

G.    Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

H.    Plaintiff failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Defendant

regarding alleged unlawful workplace discrimination and/or harassment and to otherwise prevent harm that could have been avoided.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire (No. 3399)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623; 571-6553
Facsimile: (302) 576-3299; 576-3470
Email: sholt@ycst.com; mstafford@ycst.com

Attorneys for Defendant

DATED: August 28, 2006

## CERTIFICATE OF SERVICE

I, **Scott A. Holt, Esquire** hereby certify that on Monday, August 28, 2006, I electronically filed a true and correct copy of the foregoing **Answer** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record.  A courtesy copy of such **Answer** was also delivered to the following counsel of record on this date by United States First Class Mail.

> Jeffrey K. Martin, Esquire
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE 19806

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Scott A. Holt, Esquire (Del. No. 3399)
Michael P. Stafford, Esquire (Del. No. 4461)
The Brandywine Building
1000 West Street, 17th Floor, P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6623; (302) 571-6553
sholt@ycst.com; mstafford@ycst.com
Attorneys for Defendant

DATED:   August 28, 2006