IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDITH CHOMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-486-JJF |
| | ) |
| BLUE CROSS BLUE SHIELD | ) JURY TRIAL DEMANDED |
| OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Edith Choma respectfully submits this Sur-Reply in response to Defendant's Reply Brief In Support of Its Motion for Summary Judgment (the "Reply").

In the Reply, Defendant argues that it could not have retaliated against Edith for her October 22, 2004 discrimination complaint because it was not aware of that complaint until November 10, 2004, after Edith had worked her last day at BCBSD:

> Plaintiff also asserts that her October 22, 2004 charge of discrimination constituted protected activity. Again the timing on this charge dooms her argument. The charge was filed with the Delaware Department of Labor on October 24, 2004, but it was not received by Defendant *until November 10, 2004* (Exh. 4 Donna May Verification). By that time, Plaintiff had already announced her intention to retire and had worked her last day on November 2, 2004. Thus, this argument fails as well, since Plaintiff cannot prove Defendant took adverse action against her either after or contemporaneously with, her protected activity.

[Reply at 16 (emphasis in original) (citation omitted)]. To support this argument, BCBSD filed the "Sworn Statement of Donna May," which stated that BCBSD's Human Resources

Department did not receive Edith's October 22, 2004 Discrimination Complaint until November 10, 2004, *after* Edith's last day at BCBSD.[1]

Internal documents produced by BCBSD prove, however, that these representations in BCBSD's Reply and May's Sworn Statement are inaccurate, and that BCBSD was well-aware of Edith's October 22, 2004, discrimination complaint at least as early as October 28, 2004, and specifically *before* it put Edith on the unreasonable PIP, unreasonably enforced that PIP, and constructively terminated Edith as alleged.

That proof is contained in an email message from Paul Kaplan to Donna May referencing a meeting between Kaplan, May and Debbie Sweeney in which May briefed Kaplan and Sweeney on the discrimination and harassment allegations against BCBSD:

**May, Donna**

From: Kaplan, Paul
Sent: Friday, October 29, 2004 4:43 PM
To: May, Donna
Subject: a discussion you need to be aware of
Importance: High

Donna

Yesterday while you were in my office along with Debbie discussing the allegations that Edith has brought forth against BCBSD. These include

- Harassment &
- Discrimination

I asked you what you meant by discrimination, and you told me that Edith was saying that we were discriminating against her because of her injury, and not making accommodations for her because of the pain in her wrist.

[Complete email is attached as Exhibit B]. Edith's October 22, 2004 Discrimination Complaint is the only discrimination complaint she filed referencing her wrist injury.

This message, appropriately designated by Kaplan as of "high" importance, demonstrates that BCBSD, and specifically Edith's primary tormentors, Kaplan and

---

[1] That page of the Reply, as well as the Verification of Donna May, BCBSD's Human Resources Generalist, are attached hereto as Exhibit A.

2

Sweeney, not only knew of her October 22, 2004 Discrimination Complaint, but also had collectively discussed that Complaint on October 28, 2004, immediately prior to putting Edith on the PIP on October 29, 2004, enforcing the PIP, and constructively terminating her as alleged in the Complaint and the summary judgment briefs.

Further proof that BCBSD was aware of Edith's October 22, 2004 Complaint long before November 10, 2004 is contained within BCBSD's July 14, 2005 Position Statement sent to the EEOC. In that Position Statement, BCBSD's counsel stated, "[n]or can Ms. Choma rely on her charge filed on October 22, 2004 as the basis for retaliation. Blue Cross did not even receive the charge until October 29, 2004..." [Exhibit C, page 5].

Edith's filing of her Discrimination Complaint on October 22, 2004 was protected activity and the PIP and constructive termination of Edith after that filing were adverse employment actions. At the very least, the date on which BCBSD became aware of that Complaint is a disputed material fact, which precludes summary judgment on BDBSD's behalf. Edith respectfully requests that the Court consider these facts in evaluating the cross-motions for summary judgment.

MARGOLIS EDELSTEIN

/s/ *Herbert W. Mondros*

Herbert W. Mondros, Esq. (Del Bar No. 3308)
750 South Madison Street, Suite 102
Wilmington, DE 19801
302.888.1112
Attorneys for Plaintiff

Dated: November 16, 2007