IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDITH CHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-486-JJF |
| | ) | |
| BLUE CROSS BLUE SHIELD OF DELAWARE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY BRIEF IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Edith Choma's motion for leave to file a Sur-Reply Brief (the "Motion" (D.I. 70)) is consistent with her theme thus far in the litigation of composing hastily fashioned arguments in an attempt to compensate for the problems in her case. She now requests the Court's assistance to compensate for deficiencies in her Answering Brief by seeking leave to file a Sur-Reply Brief. This Motion is little more than a thinly-veiled attempt to have the last word on various issues by making an argument that she could have made (but neglected to make) in her Answering Brief and that otherwise provides no basis for the filing of a Sur-Reply Brief.

The Motion should be denied for at least three reasons. First, Plaintiff filed the Motion and her Sur-Reply Brief simultaneously in violation of Local Rule 7.1.2, which prohibits the filing of a sur-reply brief before the Court has granted leave to do so. Second, Plaintiff's Motion includes a new argument in the Sur-Reply Brief which was not raised in her Answering Brief. Plaintiff's actions thus constitute a clear violation of the Court's rules. Finally, the Motion

should be denied as moot, because it does not alter the fact that her retaliation claim fails as a matter of law. For all these reasons, the Court should deny the Motion.

## ARGUMENT

I.  **PLAINTIFF FILED HER BRIEF IN VIOLATION OF COURT RULES**.

A.  <u>The Motion Should Be Denied Because It Violates Local Rule 7.1.2.</u>

Plaintiff filed her Sur-Reply Brief with the Motion and thereby violated Local Rule 7.1.2, which specifically states that, once a reply brief has been filed, "no additional papers shall be filed absent Court approval." In such circumstances, this Court has denied leave and rejected the proposed sur-reply brief. <u>See</u> <u>Chambers v. Doe</u>, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006) (striking plaintiff's sur-reply brief where brief: (1) was filed in violation of Local Rule 7.1.2, which only permits the filing of an opening brief by the moving party, an answering brief (response) and a reply brief, (2) belatedly raised arguments not raised in plaintiff's answering brief, and (3) denied defendants the full opportunity to explore and address the arguments); <u>Kondrath v. Arum</u>, 881 F. Supp. 925, 927 (D. Del. 1995) ("After the defendants filed their reply brief, the plaintiffs filed a motion for leave to file a sur-reply brief and the sur-reply brief itself concurrently on February 16, 1995. [D. Del.] Local Rule 7.1.2.(c) prohibits a party from filing a sur-reply brief without prior approval of the court, unless the brief advises the court of cases decided after the final brief was filed or after oral argument. The Court has not considered these briefs in deciding this motion because the plaintiffs did not seek approval of the Court prior to filing the sur-reply brief. Since approval was neither sought nor granted before the plaintiffs filed their sur-reply brief, that filing was improper.") (citation omitted).

Other well-respected courts have reached the same conclusion. <u>See</u>, <u>e.g.</u>, <u>United States v. International Business Machines Corp.</u>, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) ("To permit the . . .

papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them."). The result should be the same here. Defendant requests that the Court deny the Motion and disregard the Sur-Reply Brief on this ground alone.

B.  The Sur-Reply Brief Includes An Argument Not Raised In Plaintiff's Answering Brief.

Plaintiff's Motion also should be denied because the Sur-Reply Brief is premised on an argument that was not raised in her Answering Brief. In her Answering Brief, Plaintiff contended that her retaliation claim was based on three (3) instances of protected activity: (1) when she made an internal complaint in July 1999; (2) her charge of discrimination filed with the Delaware Department of Labor (DDOL) in November 2002; and (3) her charge of discrimination filed with the DDOL on October 22, 2004. D.I. 64 at 24. In its rebuttal, Defendant pointed out, among other things, that it had not received the October 22, 2004 charge of discrimination until November 10, 2004.[1]

The premise of Plaintiff's Motion is that Defendant was well aware of Plaintiff's October 22, 2004 "discrimination complaint" prior to her last day on November 2, 2004, because Dr. Paul Kaplan sent an email on October 29, 2004 acknowledging that Plaintiff had alleged discrimination. But this unverified email makes no reference to Plaintiff's October 22, 2004

---

[1] Plaintiff contends that the sworn statement by Donna May that the charge was not received until November 10, 2004 is contradicted by the Defendant's position statement which stated the charge was received on October 29, 2004. However, the October 29, 2004 date used in the position statement was based on a presumption that the charge was received within three (3) business days after its October 25, 2004 date of mailing. Ms. May's statement verifies the registered letter was not actually received until November 10, 2004 – as indicated on the stamped receipt date of the letter.

3

charge of discrimination. Indeed, it appears to relate to Plaintiff's email made on October 27, 2004 where she stated that she was retiring effective January 2005 because she felt she was being harassed. (A95). Thus, for the first time, Plaintiff argues that this email constitutes a *fourth* separate occasion of protected activity – an argument not raised in her Answering Brief.

Plaintiff had ample opportunity to assert in her Answering Brief that her October 27, 2004 email constituted protected activity. Defendant even addressed the fact that Plaintiff had sent the October 27, 2004 email in its Opening Brief (See D.I. 54 at 19), including the fact that her allegation was investigated and found to have no merit. Nevertheless, Plaintiff never argued that the email constituted protected activity for purposes of her retaliation claim, and offers no explanation in her Motion as to why she waited to raise it only now after briefing has been completed.

Plaintiff's decision to raise this argument after the fact is not grounds to allow a sur-reply brief. Leave to file a sur-reply brief is warranted only in rare circumstances where the moving party improperly raises new arguments in its reply brief. See Mansoori v. Lappin, 2007 U.S. Dist. LEXIS 7612, at *3 (D. Kan. Feb. 1, 2007) (sur-reply only appropriate under "rare circumstances" where moving party improperly raises new arguments in reply brief). A sur-reply brief is not warranted where the purported new arguments simply respond to arguments made in the answering brief. Lightfoot v. District of Columbia,, 2006 U.S. Dist. LEXIS 1358, at *2 n.2 (D.D.C. Jan. 10, 2006) (sur-reply not permitted when a reply brief "merely respond[s] to the [opposing party's] arguments contained in his opposition"). Nor is a sur-reply brief warranted where the moving party could have anticipated the purported new facts and circumstances, and addressed them in its answering brief. See Kozak v. Medtronic, Inc., 2006 U.S. Dist. LEXIS 6269, at *13 (S.D. Tex. Jan. 31, 2006) (granting defendant's motion to strike

4

sur-reply, in part, because plaintiff offered no explanation as to why the arguments made in the sur-reply could not have been raised in his responsive brief). In sum, Plaintiff's failure to raise this argument, which she could have easily made in her Answering Brief, is grounds to deny her Motion.

**II.    THE MOTION SHOULD BE DENIED BECAUSE IT IS MOOT.**

Another reason Plaintiff's Motion should be denied is because it would not alter the ultimate ruling on her retaliation claim. Plaintiff's justification for the submission of more briefing is premised on the sole argument that she engaged in protected activity several days prior to receiving her Performance Improvement Plan (PIP) on October 29, 2004, and thus the Court may infer causation based on its temporal proximity. Of course, as pointed out in Defendant's Opening Brief, Plaintiff was well aware that she was going to receive the PIP before she engaged in the protected activity, since she had been secretly accessing and reviewing the draft document on her supervisor's hard drive for several weeks beforehand. D.I. 54 at 18-19.

Even assuming, for the sake of argument, Plaintiff could establish the prima facie element of causation to her retaliation claim with this new argument, her claim still fails as a matter of law. To withstand summary judgment, a plaintiff cannot rely on her prima facie case to withstand summary judgment. She must come forward with evidence to demonstrate that defendant's proffered reasons were a pretext for unlawful retaliation. Woodson v. Scott Paper Co., 109 F.3d 913, 920 & n. 2 (3d Cir. 1997). This requires a showing of evidence which either discredits an employer's articulated reason or shows that retaliation was more likely than not a motivating or determinative cause of the employer's actions. Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

As noted in Defendant's Reply Brief, Plaintiff failed to point to any evidence that discredited Defendant's legitimate, non-discriminatory reason for administering the PIP. Indeed, Plaintiff's Answering Brief lacked any argument or analysis on the pretext issue whatsoever. See D.I. 64 at 23-26. As a result, Plaintiff's Motion becomes a useless exercise of splitting hairs, since her retaliation claim fails regardless of its outcome.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny the Motion because it was filed in violation of Court rules, including Local Rule 7.1.2. The Motion should also be denied because Plaintiff's substantive argument do not alter the inevitable dismissal of her retaliation claim.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/  Scott A. Holt
_____
Scott A. Holt, Esquire (No. 3399)
Adria B. Martinelli, Esquire (No. 4056)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623; 571-6613
Facsimile: (302) 576-3299; 576-3314
Email:  sholt@ycst.com; amartinelli@ycst.com
Attorneys for Defendant

DATED:      November 26, 2007